UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.09-60295-CR-Middlebrooks(s)

UNITED STATES OF AMERICA,

Plaintiff,

v.   **PLEA AGREEMENT**

TIMOTHY M. HUFF,

Defendant.
_____/

FILED by _____ D.C.
APR 06 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - W.P.B.

The United States of America and Timothy M. Huff (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the superseding information in case no. 09-60295-CR-Middlebrooks(s) that charges the defendant with conspiracy to impede and impair the Internal Revenue Service in the ascertainment, computation, assessment and collection of revenue, namely United States income taxes; conspiracy to commit securities fraud in violation of Title 18, United States Code, Section 1348 (1) and(2); and (2) failure of corporate officers to certify financial reports in violation of Title 18, United States Code, Section 1350(c)(1), all in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute a sentence under the advisory Sentencing Guidelines and that the applicable advisory guidelines will

1

be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that in case no. 09-60295-CR-Middlebrooks(s) the court may impose a statutory maximum term of imprisonment of up to five years, followed by a three year term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000 and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. <u>The defendant agrees that any special assessment imposed shall be paid at the time of sentencing</u>.

5. The United States agrees that it will recommend at sentencing that the court reduce by three levels(if the total offense level is 16 or greater otherwise 2 levels) the advisory sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing

Guidelines, and request that the defendant be sentenced at the low end of that level, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6. The government and defendant state that there is no agreement as to the appropriate sentence to be imposed. Both the defendant and government reserve the right to file objections to the pre-sentence investigation report and, if necessary, provide testimony and evidence at the sentencing hearing if the parties desire. The government and the defendant also reserve the right to recommend any sentence to the court, whether that sentence is within the guideline range, at sentencing.

7. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The

defendant understands and acknowledges that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The Office of the United States Attorney for the Southern District of Florida reserves the right to make a recommendation as to the quality and quantity of punishment, and reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the defendant and his background.

9. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. §3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.

10. The defendant agrees to pay all taxes, interest, and penalties found to be lawfully owed and due to The Internal Revenue Service for the years 2001 through 2005, and to cooperate with and provide to the Internal Revenue Service any documentation necessary for a correct computation of all taxes due and owing for those years, and further agrees that the court may make this term a condition of any sentence of probation or supervised release.

11. The parties understand that agreements described in this plea agreement are not binding on the court, and if not accepted by the court, neither the government nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

12. This agreement consisting of 12 numbered paragraphs and 5 pages is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

JEFFREY SLOMAN
UNITED STATES ATTORNEY

Date: 4/6/2010

THOMAS P. LANIGAN
ASSISTANT UNITED STATES ATTORNEY

Date: 4/6/2010

GREGORY BOCKIN
TRIAL ATTORNEY TAX DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

Date: 4/6/10

DAVID O. MARKUS
ATTORNEY FOR DEFENDANT TIMOTHY M. HUFF

Date: 4/6/10

TIMOTHY M. HUFF
DEFENDANT

5