UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60295-CR-MIDDLEBROOKS/JOHNSON

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

TIMOTHY M. HUFF,

      Defendant.
_____/

**GOVERNMENT'S RESPONSE AND MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO RELEASE FUNDS AND
GOVERNMENT'S MOTION TO APPLY BOND DEPOSIT TO RESTITUTION**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby responds to defendant's Motion to Release Funds. The United States objects to releasing the bond deposit to defendant's counsel David Oscar Markus. Furthermore, in lieu of returning the deposit to defendant's attorney for fees, the United States moves this Honorable Court, pursuant to 28 U.S.C. § 2044, to direct the Clerk of the Court to pay over to the Court's Deposit Fund the sum of defendant's bond plus accrued interest, if any, for partial payment of the restitution imposed at sentencing. See DE 5 (Minutes of Bond Hearing) attached as Exhibit A.

On June 2, 2010, defendant's counsel David Oscar Markus filed a Motion to Release Funds, asking this Honorable Court to discharge to him the $200,000 personal surety bond posted by defendant and later assigned to David Oscar Markus. The Clerk is presently holding in his Registry Fund Account the sum of $200,000 that was posted by defendant Timothy M. Huff to secure his appearance bond in the within matter. The Government will rely in support hereof upon the annexed Memorandum of Law. See DE 7 (Bond) attached as Exhibit C.

**MEMORANDUM OF LAW**

1. On November 6, 2009, defendant Timothy M. Huff appeared in a bond hearing before Magistrate Judge Vitunac. Temporary counsel Jeffrey Marcus represented him and the court set an arraignment for November 23, 2009. The Government requested a $100,000 corporate surety bond. After hearing three witnesses and arguments from both sides, the court set a $200,000 cash bond deposited into the registry of the court. See DE 5(Court Minutes of Bond Hearing) attached as Exhibit A.

2. On November 6, 2009, defendant Timothy M. Huff submitted a $200,000 cash bond to the Magistrate Court, in the form of an official check listing him as the remitter. Defendant posted the bond using the home he owned with his wife as collateral.[1] See DE 6 (Order on Initial Appearance) attached as Exhibit B, and DE 7 (Bond) attached Exhibit C.

3. On November 23, 2009, defendant appeared before Magistrate Judge Hopkins, though an arraignment was not held. At that time, defendant had still not obtained permanent counsel. See DE 8 (Court Minutes of Appearance) attached Exhibit D.

4. On November 25, 2009, David Oscar Markus appeared before the court as defendant's counsel. Defendant was arraigned and entered a plea of not guilty. See DE 13 (Arraignment Information Sheet) attached as Exhibit E.

---

[1] According to Special Condition K of the Special Conditions of Bond approved by the court, "None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court." See Docket Entry 7 (Bond) attached as Exhibit C.

5. On November 25, 2009, defendant assigned his bond proceeds to his attorney David Oscar Markus. See DE 62-1 (Assignment) attached as Exhibit F.

6. On April 6, 2010, defendant pled guilty to the superceding information charging conspiracy to impede and impair the Internal Revenue Service, conspiracy to commit securities fraud, and failure of corporate officers to certify financial reports in violation of 18 U.S.C. § 1348, 18 U.S.C. § 1350, all in violation of 18 U.S.C. § 371. As part of his plea, defendant acknowledged that in addition to a term of imprisonment, the court may impose a fine of up to $250,000 and may order restitution. See Docket Entry 57 (Plea) attached as Exhibit G.

7. Defendant is scheduled for sentencing on July 26, 2010. Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663(A), defendant will be ordered to pay restitution as part of his sentence.

8. On June 2, 2010, defendant filed a Motion to Release Funds, seeking to release the bond to pay his legal fees. Defendant argued that the bond cannot be released to pay restitution because the funds currently belong to his attorney. Defendant further argued that denying him access to the bond would cause him an "undue hardship."

9. The relevant statute, 28 U.S.C. § 2044, provides that

> On motion of the United States attorney, **the court shall order any money belonging to and deposited by** or on behalf of the **defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea** or a verdict of the defendant's guilt **has been entered and before sentencing except upon a showing** that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or **that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.** [Emphasis added]

Defendant's bond is within the reach of § 2044 because the funds belonged to him when they were posted. Defendant's name is on the check posted for bond. See attached Exhibit B (Bond).

10. Defendant claims that because the funds now belong to his attorney, they are a third party surety and outside the reach of § 2044. However, the cases he cites regard bond funds that belonged to third parties when bond was posted. *See United States v. Sparger*, 79 F.Supp.2d 714, 719 (W.D.Tex. 1999)(money belonged to defendant's attorney when the attorney posted bond, therefore § 2044 did not apply); *United States v. Harris*, 1996 WL 291200 *1 (E.D. La. 1996)(money belonged to defendant's mother and sister when they posted bond, therefore § 2044 did not apply)*; United States v. Equere*, 916 F.Supp. 450 (E.D. Pa. 1996)(money belonged to defendant's brother when the brother posted bond, therefore § 2044 did not apply). Because defendant's bond belonged to him when he posted it, cases on third party sureties do not support his claim.

11. Defendant's reliance on *United States v. Rose*, 791 F.2d 1477 (11th Cir. 1986), where the Eleventh Circuit ordered the release of a bond assigned to defendant's attorney, is similarly misplaced. The case was decided before Congress enacted § 2044. Moreover, the holding turned on the fact that the district court withheld the funds by relying on a bond condition unrelated to securing the appearance of the defendant that the Eleventh Circuit found to be illegal. *Id.* at 1480-81. In fact, according to the Eighth Circuit, *Rose* is "inapposite" to discussions of post-conviction claims to bail under § 2044. *United States v. Higgins*, 987 F.2d 543, 547 (8th Cir. 1993).

12. The Southern District of Florida recently recognized that under § 2044 the United States' claim to Defendant's bond funds supercedes the transferee-attorney's claim. *See Order Directing Release of Posted Bond*, *United States v. Herrera,*(S.D. Fla. 2006) (Case 03-60072-CR-

MARRA/SELTZER) (DE 183) (awarding bond funds to the Government where the plaintiff - before sentencing, but after he personally deposited a $5,000 bail bond - assigned all interest in his bond to his attorney). "The statute provides that the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond to be held and paid over to the United States attorney to be applied to the payment of...restitution..." *Id*. at 5.  Where, as here, the prerequisites of ownership by the defendant and deposit on behalf of the defendant are met, the United States acquires, by operation of law, a lien or superior claim to the fund in the event the defendant is convicted of a crime and there is restitution. *See id*.

13.   Defendant's claim that the statute can be circumvented merely by assigning bond funds to a third party before sentencing runs counter to public policy. Congress enacted 28 U.S.C. § 2044 to allow courts to pay bonds to a party–the government–with superior claims to them. *United States v. Equere*, 916 F.Supp. 450, 452 (E.D. Pa. 1996).  The exclusion of third party sureties averts the harm of having a third party's money applied to certain debts of defendants. *Id*. at 453.  Defendant's situation raises no such concern because the money belonged to defendant Huff in the first place. Moreover, allowing defendants to subsequently assign their bonds to third parties and thus avoid having the bond discharged to restitution would render § 2044 operatively moot.

14.   According to § 2044, courts cannot release bond money after a plea but before sentencing unless no restitution can be imposed, or the defendant suffered undue hardship. Defendant's claim that he will not be able to pay his retained lawyer and experts does not rise to the level of undue hardship. *See United States v. Hunger*, 2008 WL 4790540 (S.D. Tex. 2008)(finding undue hardship where defendant's wife sent a letter to the court explaining that applying defendant's

$1,000 cash bond to restitution would create an undue hardship for the defendant's family). Unlike defendant Hunger, whose wife demonstrated true hardship to her family, defendant Huff alleges merely a manufactured hardship. Defendant Huff's "hardship" is inability to afford the expensive attorney and experts he desires to aid in his sentencing for serious financial offenses carrying substantial financial penalties. In other words, defendant Huff's hardship is that he has to face the consequences of his criminal actions.

15. Defendant's Sixth Amendment rights are in no way implicated by the court declining to release defendant's bond money to his attorney. Defendant's right to counsel does not give rise to a right to access his bond in order to keep his retained counsel of choice. *Cf. Caplin & Drysdale v. United States*, 491 U.S. 617 (1989)(holding that defendant's right to counsel was not burdened by government seizure of funds defendant would have used to pay his counsel of choice); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988)("[A] defendant may not insist on representation by an attorney he cannot afford.").

16. Furthermore, if defendant truly were financially unable to obtain counsel or expert services necessary for adequate representation, he could petition for such services under 18 U.S.C. § 3006(A). Defendant has not done so.

17. Defendant Timothy M. Huff posted $200,000 in the Registry of the Court. Defendant pled guilty to conspiracy to commit securities fraud, which carries a penalty of mandatory restitution. The bond money should not be released prior to sentencing because defendant has not shown undue hardship. Therefore, in accordance with 28 U.S.C. § 2044, the $200,000 plus accrued interest, if any, posted in the Registry of the Court should be applied to defendant Timothy M. Huff's restitution debt after sentencing..

18. Counsel David Oscar Markus has been advised that the Government is opposing defendant's motion.

**WHEREFORE**, for the foregoing reasons, the United States of America respectfully requests this Honorable Court to deny defendant Timothy M. Huff's motion to release the bond funds to his attorney for fees. The Government further requests that after defendant's sentencing the Court direct the Clerk of the Court to pay the sum of $200,000, plus accrued interest, if any, presently held in the Registry Fund Account, to the Court's Deposit Fund for disbursement to the Government in partial satisfaction of the restitution liability of the defendant Timothy M. Huff.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

 s/Thomas P. Lanigan
 BY: THOMAS LANIGAN
ASSISTANT U.S. ATTORNEY
500 East Broward Blvd. Seventh Floor
Fort Lauderdale, FL 33394
Tel. No. (954) 356-7255
Court I.D. No. A5500033
E-mail: Tom.Lanigan@usdoj.gov

 s/Gregory Bockin
GREGORY BOCKIN
TRIAL ATTORNEY, TAX DIVISION
UNITED STATES DEPARTMENT OF JUSTICE
601 D St. NW Rm 7924
Washington, D.C. 20579-0001
Tel. No. (202) 353-7517
Court I.D. No. A5501158
E-mail: Gregory.R.Bockin@tax.usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 11th day of June 2010.

    s/Thomas P. Lanigan
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY